*1151 OPINION.
Maeqtjette:
The first question here presented concerns the status, for income-tax purposes, of petitioner’s distributive share of partnership income.
In 1919 petitioner and one George C. Lucas formed a partnership under the name of Cleveland Frog & Crossing Company. In 1921 the petitioner, his brother and his sisters entered into a trust agreement respecting the property owned by each. In that agreement petitioner declared that he held in trust, for the equal benefit of the beneficiaries, his interest in the partnership above named and in all the real and personal property owned by it. The agreement was irrevocable for a period of eight years, and was not terminated during any of the taxable years. George C. Lucas knew nothing of the trust agreement, and earnings of the partnership were distributed to the petitioner and his partner, individually. It is the petitioner’s contention that his share of such partnership income did not constitute income to him, but to the trust. Eespondent has determined otherwise.
The Eevenue Acts of 1921, 1924, 1926 and 1928 provide for the levy and collection of normal and surtaxes upon the net income of every individual on an annual basis. Each also provides, in substantially the same language, that:
* * * individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner, his distributive share, whether distributed or not, of the net income of the partnership for the taxable year.
The partnership, Cleveland Frog & Crossing Company, received a net income during each of the taxable years here involved. It is not contended that the Balkwill Trust was a member of the above partnership and the record negatives such membership. Petitioner does contend, however, that by virtue of his declaration of trust he thereafter held all of his interest in the corpus, or net worth of the partnership and the income therefrom only as trustee for the Balkwill Trust.
*1152 The principle applicable in these proceedings is the same as that in Charles P. Leininger, 19 B. T. A. 621; affirmed by the Supreme Court March 14, 1932. In that case the taxpayer was a partner in a business firm. He made a written agreement with his wife declaring her to be a full equal partner with him in his interest in the business firm. She was not a partner in the firm itself, and its distributions of income were paid to her husband, who divided them with his wife. It was held that the husband was taxable upon the full amount of his distributable share of the partnership income. In affirming the Board’s decision the Supreme Court said in part that the taxpayer:
* * * urges that the assignment to his wife was of one-half of the “ corpus ” of his interest and that this “ corpus ” produced the income in question. The characterization does not aid the contention. That which produced the income was not his individual interest in the firm, but the firm enterprise itself, that is, the capital of the firm and the labor and skill of its members employed in combination. * * *
The court further held that the wife had only a derivative interest in the firm’s income, and that the taxing statute dealt explicitly with the liability of partners as such. Cf. Lucas v. Earl, 281 U. S. 111.
In our opinion the present proceedings are not distinguishable in their facts from the Leininger case, supra. We conclude, therefore, that the distributive income from the Cleveland Frog & Crossing Company for the years in question constituted taxable income to the petitioner, individually.
The next question is whether the respondent properly disallowed deductions from petitioner’s gross income of amounts representing his share of deductible losses sustained by the Balkwill Trust. Although petitioner has alleged error with respect to such disallowance, he does not mention it in his brief and has apparently abandoned the contention. It has been decided frequently that beneficiaries of a trust which has sustained net losses may not deduct such losses pro rata in their individual returns. Cf. George M. Studebaker, 2 B. T. A. 1020; Cora S. Stern, 14 B. T. A. 444; Clarence M. Busch, 17 B. T. A. 592; affd., 50 Fed. (2d) 800; F. M. Law, 20 B. T. A. 354. Those decisions are controlling in these proceedings and we approve the respondent’s determination respecting the deductions in question.
The third and last error alleged has been conceded by the respondent, and petitioner is therefore allowed a deduction of $14,540 for loss sustained during the year 1923.

Decision will be entered wider Bule B0.